UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC - 9 2015
Clerk, U.S. District and
Bankruptcy Courts

MICHAEL SHENEMAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 15-1785 (UNA)
)
UNITED STATES OF AMERICA, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff alleges that he has been "wrongfully convicted . . . for alleged wire fraud by means of selling homes," Compl. at 1, in the United States District Court for the Northern District of Indiana, *see id.* at 4, due to the prosecutor's misconduct and violations of 18 U.S.C. §§ 1001, 1512, 1513 and 1519, *see generally id.* at 2-3. In this way, plaintiff asserts, the government violated his constitutional right to a fair trial, causing him to "los[e] his home, business, liberty and freedom." *Id.* at 3. He brings this action under the Federal Tort Claims Act ("FTCA"), *see id.* at 1, and demands damages of $10 million, *id.* at 4.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is one example of an express waiver of sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. §

1346(b)(1), but the FTCA does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). And here, the Court lacks subject matter jurisdiction over the plaintiff's tort claims because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Meyer*, 510 U.S. at 478.

Insofar as the plaintiff brings this action as an attack on his criminal conviction and sentence, this is not a subject over which the Court has jurisdiction. *See, e.g., Burnell v. Office of the Attorney General of the United States*, No. 1:14-cv-02206, 2014 WL 7411036, at *1 (D.D.C. Dec. 30, 2014) (dismissing plaintiff's "challenge to his criminal sentence in the guise of a civil rights complaint"), *appeal filed*, No. 15-5027 (D.C. Cir. Jan. 29, 2015). To the extent a remedy is available to the plaintiff, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Lastly, because there is no private right of action under 18 U.S.C. §§ 1001, 1512, 1513 and 1519, these claims, *see* Compl. at 2-3, too, will be dismissed. *See Peavey v. Holder*, 657 F. Supp. 2d 180, 190-91 (D.D.C. 2009), *aff'd*, No. 09-5389, 2010 WL 3155823, at *1 (D.C. Cir. Aug 9, 2010) (per curiam).

The complaint will be dismissed, and an Order is issued separately.

DATE: November 24, 2015

/s/ Reggie B. Walton
United States District Judge